IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOM AIKENS, et al, | ) |
| | ) |
|        Plaintiffs\Counterdefendants, | ) Case No. CV07-138-E-EJL |
| | ) |
| vs. | ) ORDER ON REPORT AND |
| | ) RECOMMENDATION |
| U.S. TRANSFORMER, INC., et al, | ) |
| | ) |
|        Defendants\Counterclaimants. | ) |
| | ) |

       Plaintiffs, former employees of U.S. Transformer West, Inc. ("UST West"), initiated this action against Defendants UST West, U.S. Transformer, Inc. ("UST"), U.S. Transformer East, Inc. ("UST East"), Jordan Transformer, L.L.C. , Farrish Johnson Law Office, Chtd, the UST Health Plan, the UST Employee Stock Incentive Plan and various individuals, seeking compensation and equitable relief for alleged unpaid health benefits, withheld pay, and breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiffs also allege a cause of action against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.  Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c).[1]  On March 11, 2008, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation, recommending that Defendants' Motion to Dismiss be granted in part and denied in part.

       Both parties have filed objections to Magistrate Judge Boyle's recommendation.  Any party may challenge a magistrate judge's proposed recommendation regarding a dispositive

---

      [1]     Defendants also asserted counterclaims against certain Plaintiffs.

ORDER ON REPORT AND RECOMMENDATION- Page 1
09ORDERS\aikens_rnr.WPD

motion by filing written objections within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

## Background

The background of this case is covered in detail by the Report and Recommendation ("R&R") and has not been objected to by the parties. Accordingly, the Court will only briefly recite the relevant facts here. In doing so, the allegations of material fact set forth in the Plaintiffs' Complaint are taken as true. Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir.2005).

1. Employee Stock Benefit Plan

Plaintiffs are former employees of Defendant UST West. On September 30, 2002, UST West employees received a memorandum informing them of a 7% pay reduction effective that day. The memorandum stated that an amount equal to the salary reduction would "go into" an "employee stock incentive plan" subject to a vesting schedule (the "Stock Plan Memorandum").

On March 26, 2003, the UST West plant ceased operations. In April of 2003, UST West sold most of its assets to Virginia Transformer and the net proceeds from that sale were transferred to UST East. UST West imposed the 7% salary cut on salaried Plaintiffs until they were laid-off in March and April 2003. Plaintiffs allege that they never received stock pursuant to the plan.

2. Health Care Premium Payments

Both UST West and UST East participated in the UST Health Plan. The UST Health Plan was terminated on April 15, 2003. Prior to the termination of the UST Health Plan, Plaintiffs agreed to have UST West withhold part of their pay to fund the employee portion of the health care coverage under the UST Health Plan. Plaintiffs allege that payroll

ORDER ON REPORT AND RECOMMENDATION- Page 2
09ORDERS\aikens_rnr.WPD

deductions for health care premiums were incurred in February and March 2003 (the "Health Care Premium Payments"), but that the premiums were not paid and that Plaintiffs' subsequent health benefit claims were denied because the UST Health Plan was underfunded.

Plaintiffs' allege that amounts equal to the payroll deductions for the months of February and March 2003 were transferred from UST West to UST East. Effective February 1, 2003, UST purchased a group health policy from Blue Cross Blue Shield of Minnesota to cover only UST East employees and their beneficiaries.

3. Settlement Negotiations

On May 22, 2004, Plaintiffs, except for Plaintiff David Anthony Olson, filed a lawsuit in state court against UST West and UST East, among others. Plaintiffs allege that Defendant Kay L. Wallerich, counsel for UST East, represented to Plaintiffs' counsel that a pending sale of UST East would not be completed until Plaintiffs' lawsuit was settled. Plaintiffs further allege that they relied upon these representations to their detriment, and did not take further action to pursue their claims against UST.

On September 22, 2004, UST East was sold to Jordan Transformer before Plaintiffs' claims had been settled. Plaintiffs allege that approximately $160,000 in proceeds from the sale were diverted to Wallerich's trust account to satisfy Plaintiffs' claims, but that the Plaintiffs' claims remain unpaid.

**Discussion**

Dismissal pursuant to Rule 12(c) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claims that would entitle [plaintiff] to relief." Berg, 412 F.3d at 1125. "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Id. "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

ORDER ON REPORT AND RECOMMENDATION- Page 3
09ORDERS\aikens_rnr.WPD

Applying this standard, the Court will address each disputed issue in the same order as set forth in the Report and Recommendation, "whether: (1) the Employee Stock Benefit Plan is governed by ERISA; (2) the ERISA claims are time-barred; (3) Plaintiffs state a claim against Defendants Wallerich, Farrish Johnson, and Jordan Transformer for ERISA breach of fiduciary duty; (4) Plaintiffs have stated a claim for equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and (5) Plaintiffs have stated a RICO claim." (R&R at 8).

1. Whether the Stock Benefit Plan Constitutes an ERISA Plan

In the R&R, the magistrate judge examined the Stock Plan Memorandum that advised Plaintiffs of a 7% pay reduction in exchange for a contribution to an "employee stock incentive plan" subject to a vesting schedule. The magistrate judge determined that the existence of a Stock Benefit Plan was an issue of fact. However, even if such a plan existed the magistrate judge concluded that it was not covered by ERISA. Plaintiffs object to the magistrate judge's conclusion.

Assuming a Stock Benefit Plan was created by the Stock Plan Memorandum, for it to fit under ERISA it must qualify as an "employee pension benefit plan." A plan may constitute an "employee pension benefit plan" if it either: (1) provides retirement income to employees or (2) allows employees to defer income for periods extending to the termination of covered employment or beyond. See 29 U.S.C. § 1002(2)(A). As the magistrate judge explained, certain regulations promulgated regarding the term "employee pension benefit plan" make it clear that for a plan to qualify under ERISA it must systematically defer income to retirement or termination. (R&R at 11).

Here, the Stock Plan Memorandum set forth a vesting schedule that allowed employees to gain access to ten percent of the funds after one year with full vesting after 36 months. Moreover, the Stock Benefit Memorandum indicates that the Stock Benefit Plan was being offered to salaried employees in compensation for the 7% salary reduction as part as an "overall cost cutting plan." Taken together, this establishes that the Stock Benefit Plan did not systematically defer income until retirement or termination.

ORDER ON REPORT AND RECOMMENDATION- Page 4
09ORDERS\aikens_rnr.WPD

Plaintiffs appear to argue that because they in fact did not receive any benefits from the Stock Benefit Plan during their employment, the plan must have been the type that deferred "income beyond the end of covered employment." (Pls.' Objections at 6-7). This is not the proper test, however. As the magistrate judge discussed, the defining quality of a plan is whether its <u>intent</u> is to defer income to retirement or termination or instead, as in this case, it seeks to function as a type of payroll compensation, with payment to the employee available during the term of employment. (R&R at 13-14). The R&R examined numerous cases and Department of Labor Advisory Opinions that support this determination, and the Court finds no error. (<u>See</u> R&R 12-16). As the magistrate judge stated: "the [Stock Benefit] Plan was intended to provide compensation for current work, provided for full ownership within three years, and was developed in the interest of cutting costs – not to provide employees' with retirement income." (R&R at 16). Accordingly, as a matter of law, any Stock Benefit Plan that may have existed is not covered by ERISA and the Plaintiffs' causes of action based upon the same must be dismissed.

2. Whether Claims Related to Payment of Premiums and Health Benefits Are Time-Barred

Plaintiffs contend that the Health Care Premiums Payments withheld from their paychecks in February and March 2003 entitles them to benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), which creates a cause of action for a benefit plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).[2] Defendants, on the other hand, assert that the Plaintiffs' causes of action under 29 U.S.C. § 1132(a)(1)(B) are time-barred.

---

[2]     "This provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits. Any dispute over the precise terms of the plan is resolved by a court under a de novo review standard, unless the terms of the plan give the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 210 (2004)

Because Congress did not provide a specific limitations period to govern actions filed pursuant to 29 U.S.C. § 1132(a)(1)(B), courts must look to the most analogous state limitations period.  In this case, there are three choices: (1) a five-year statue of limitations for an action upon any contract, obligation or liability founded upon an instrument in writing (I.C. § 5-216), (2) a three-year statute of limitations for an action upon a liability created by statute (I.C. § 5-218), or (3) a two-year statute of limitations for an action arising out of wages, penalties and liquidated damages provided by any law or pursuant to a contract of employment (I.C. § 45-614).  The magistrate judge determined that the most analogous state limitations period applicable to Plaintiffs' claim was the five-year limitations period for an action on a written contract. The Defendants object to the magistrate judge's conclusion.

Relying on various out-of-circuit authority, Defendants argue that in the appropriate case it is permissible to apply a statute of limitations other than the five-year time-period for an action on a written contract. Defendants then argue that this is the appropriate case for a different limitations period because the Defendants' § 1132(a)(1)(B) legal theory is not based on a breach of written contract but rather "is entirely dependent upon a duty imposed by [the] ERISA [statute], i.e., fiduciary duty" or, in the alternative, is a "theory [that] centers on an alleged violation of employment agreement for wages." (Defs.' Objections at 6-7).

Even out-of-circuit authority, however, acknowledges that in almost all cases a § 1132(a)(1)(B) claim is most properly treated as a breach of contract: "[W]e have held that the most analogous state statute of limitations for benefits claims under § 1132(a)(1)(B) is that for breach of contract. . . .  Other circuits, applying local law, have reached the same conclusion." Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees, 547 F.3d 531, 535-36 & n.5 (6th Cir. 2008) (citing cases from every circuit but recognizing exceptions "[w]here a more closely analogous statute of limitations is available"). And in the Ninth Circuit, the case law appears to uniformly equate a  § 1132(a)(1)(B) action to a breach of contract claim. See, e.g., Chuck v. Hewlett Packard Co., 455 F.3d 1026, 1031 (9th Cir. 2006);Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 646 (9th Cir.2000); McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1170 n.4 (9th Cir.1999).

Moreover, Defendants' attempt to re-characterize Plaintiffs' § 1132(a)(1)(B) claim as hinging on fiduciary duty or recovery of wages is not necessarily supported by the allegations contained in the Complaint. For instance, in the Complaint, Plaintiffs state that:

> a. ERISA Benefits Claims - The ERISA benefits claims grow out of the failure of payment of valid covered claims for health care expenses incurred during periods of coverage for services provided to persons so covered under the UST Health Plan ...

(Pls.' Complaint ¶ 33). Plaintiffs go on to allege under the "FIRST CAUSE OF ACTION - ERISA Benefits, 29 U.S.C. § 1132(a)(1)(B)" that:

> Each component corporation of UST (i.e., UST Inc., UST East and UST West) is, as having been party to the establishment, maintenance and self-funding obligation of the UST Health Plan, liable to the Plaintiffs for the unpaid health benefits.

To accept the Defendants' version of the Plaintiffs' legal theory would be contrary to the standard governing a court's review of a motion for judgment on the pleading, as it must "tak[e] all material allegations of the non-moving party as contained in the pleadings as true, and constru[e] the pleadings in the light most favorable to the non-moving party. <u>Doyle v. Raley's Inc.</u>, 158 F.3d 1012, 1014 (9th Cir.1998) (emphasis added). For this reason, and those outlined in the R&R, the Court will apply the five-year statute of limitations and deny the Defendants' motion to dismiss the Plaintiffs' § 1132(a)(1)(B) claims as untimely.

> 3. <u>Whether Plaintiffs state a claim against Defendants Wallerich, Farrish Johnson, and Jordan Transformer for ERISA breach of fiduciary duty</u>

Defendant Wallerich and her law firm, Farrish Johnson, represented UST East in the negotiations and sale of UST East's assets to Jordan Transformer in September of 2004. Plaintiffs allege that as part of the sale negotiations, $160,000 was deposited into the client trust account of Wallerich/Farrish Johnson for settlement of the Plaintiffs' state court lawsuit. However, according to Plaintiffs, Wallerich/Farrish Johnson diverted the $160,000 and released the funds to UST East for other purposes. Plaintiffs allege that the $160,000 are a portion of unsegregated plan assets, withheld by UST West for the Health Care Premiums Payments, and that by allowing some or all of the $160,000 to be dissipated, Wallerich/Farrish Johnson (and perhaps Jordan Transformer) are jointly liable for co-fiduciary breaches of ERISA.

The magistrate judge found that these allegations failed to support a claim for relief for breach of ERISA fiduciary duty. In particular, the magistrate judge examined the specific allegations set forth in the Complaint, (R&R at 25), and concluded that they failed as a matter of law because the $160,000 was not traceable to the assets of the UST Health Plan, and Wallerich, Farrish Johnson and Jordan Transformer owed no ERISA fiduciary duties to UST West's employees.

Plaintiffs object to the magistrate judge's conclusions. Having reviewed those objections, however, the Court finds that Plaintiffs have not undermined the magistrate judge's analysis. The Complaint's allegations do not make out a claim that Wallerich, Farrish Johnson or Jordan Transformer ever possessed the assets of the UST Health Plan. And similarly, neither Wallerich, Farrish Johnson nor Jordan Transformer acted as a fiduciary with regard to UST Health Plan assets. See e.g., Ariz. State Carpenters Pension Trust Fund v. Citibank, 125 F.3d 715, 721 (9th Cir. 1997) ("To become a fiduciary, the person or entity must have control respecting the management of the plan or its assets, give investment advice for a fee, or have discretionary responsibility in the administration of the plan." (collecting cases)). The Ninth Circuit has expressly rejected the notion that a ERISA fiduciary duty may be imposed "on anyone who comes into contact with potential assets of the plan." Hotel Employees & Rest. Employees Int'l Union Welfare Fund v. Gentner, 50 F.3d 719, 723 (9th Cir.1995).

Accordingly, the Court agrees with the R&R and finds that the Plaintiffs' allegations against Defendants Wallerich, Farrish Johnson and Jordan Transformer do not state a claim for breach of ERISA fiduciary duty and the Plaintiffs' claims in that regard must be dismissed.

### 4. Whether Plaintiffs' Other Claims for Breach of ERISA Fiduciary Duty and Claims for Equitable Relief are Time-Barred

The magistrate judge determined that Plaintiffs' claims for breach of ERISA fiduciary duty  against all other Defendants were time-barred. The magistrate judge applied a three-year statute of limitations, with the limitations period beginning on May 22, 2003, the date that the Plaintiffs filed the first state court lawsuit alleging breach of ERISA fiduciary duty.

Because the present lawsuit was filed on March 24, 2007, more than three years after the state filing, the magistrate judge found the breach of fiduciary duty claims time-barred.

The Court has reviewed the magistrate judge's analysis, and the cases and statutory provisions relied upon, and finds no error in the magistrate judge's conclusion. The Plaintiffs' objection on this issue, which for the most part refers to the claims involving Wallerich, Farrish Johnson and Jordan Transformer, is unavailing.

The magistrate judge also found that because Plaintiffs' claims for equitable relief pursuant to 29 U.S.C. § 1132(a)(3) were premised upon a breach of fiduciary duty, those claims were time-barred for the same reasons that Plaintiffs' breach of fiduciary duty claims were time-barred. No objection has been raised to the magistrate judge's reasoning, and the Court finds no error. Accordingly, the Plaintiffs' claims for equitable relief under 29 U.S.C. § 1132(a)(3) are also time-barred.

The magistrate judge noted one exception to the time-bar, however. Plaintiff David Olson was not a party to the state court proceedings, and therefore, unlike the other Plaintiffs, there is not the same record regarding the earliest date he had actual knowledge of the acts giving rise to the breach of fiduciary duty claims. Defendants argued to the magistrate judge, and argue again here, that an affidavit from Olson filed in the state court action shows he had actual knowledge of the claims prior to the three year cut-off date. Defendants also argue that Olson's bankruptcy filing on March 19, 2004 demonstrates he knew of the claims three years prior to joining in the present action.[3]

Since the parties' objections were filed, Olson's bankruptcy proceedings were re-opened and Olson submitted an affidavit wherein he states that: "Prior to 3/19/2004, I had been told by Great-West, the third-party claims payor, that it did not have funds to pay my [insurance] claims." (Docket No. 58, Aff. ¶ 3). Olson goes on to state that he "did not learn until some time after 3/24/2004 that the amounts held out of my pay . . . had not been

---

[3]     In the Defendants' Objection, they raise for the first time the issue of whether Plaintiff Olson's bankruptcy petition forecloses his ERISA claims. Because this issue was not before the magistrate judge, and in light of the subsequent filings regarding this issue, (docket nos. 58, 59 & 61), the Court does not believe it appropriate to address this matter as part of its review of the R&R. Moreover, as both Plaintiffs and Defendants observe, this issue is more properly reviewed under Federal Rule of Civil Procedure 17(a)(3).

ORDER ON REPORT AND RECOMMENDATION- Page 9
09ORDERS\aikens_rnr.WPD

remitted by UST to Great-West." (Docket No. 58, Aff. ¶ 4). Defendants contend that this is further evidence that Olson's breach of fiduciary duty claim accrued by March 19, 2004, more than three years before the present lawsuit was filed on March 24, 2007.

The Court disagrees. As the magistrate judge noted, with regard to the breach of fiduciary duty claim the relevant question "is when [Olson] actually knew about Defendants' alleged failure to pay his health care premiums." (R&R at 23). The fact that Olson knew he had been denied benefits by March 19, 2004, might be relevant to the accrual of his benefits claim under 29 U.S.C. § 1132(a)(1)(B), see Chuck v. Hewlett Packard Co., 455 F.3d 1026,1031 (9th Cir. 2006), but as the Court discussed above, that claim is subject to a five-year statute of limitations, and so is timely. With regard to the breach of fiduciary duty claim, "the Olson Affidavit does not provide sufficient evidence to establish as a matter of law that he knew about the alleged actions underlying the breach of fiduciary duty claims prior to March 24, 2004, three years preceding the filing of the Complaint." (R&R at 23).

5. Whether Plaintiffs' Have Stated a RICO claim

Plaintiffs also have alleged a cause of action against Defendants under RICO, 18 U.S.C. § 1962. A RICO claim requires five essential elements: (1) the conduct (2) of an enterprise (3) through a pattern (4) of a racketeering activity, (5) that injured plaintiff's business or property. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). The magistrate judge found, among other things, that Plaintiffs' allegations failed as a matter of law to make out a pattern of racketeering activity.

Plaintiffs object to the magistrate judge's conclusion. However, in making the objection Plaintiffs rely in part on legal theories that the magistrate judge and now this Court have determined are not viable, including allegations concerning the Stock Benefit Plan and the alleged wrongful actions of Wallerich/Farrish Johnson. As the magistrate judge explained: "Deprived of the allegations regarding the Employee Stock Benefit Plan and the claims against Wallerich and Farrish Johnson, Plaintiffs cannot demonstrate the required pattern of racketeering activity." (R&R at 33). The Court agrees, and for that reason the Plaintiffs' RICO claims must be dismissed.

**ORDER**

Having conducted a de novo review, this Court finds that Judge Boyle's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record.  Acting on the recommendations of Magistrate Judge Boyle, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on March 11, 2008 (docket no. 50) shall be **INCORPORATED** by reference and **ADOPTED in its entirety**.

Therefore, the Defendants' Motion for Judgment on the Pleadings (docket no. 26) is **GRANTED in part** as follows:

1) That portion of Plaintiffs' First Cause of Action that is based upon the alleged Stock Benefit Plan is **DISMISSED**,

2) Plaintiffs' breach of ERISA fiduciary duty claims asserted against Defendants Wallerich, Farrish Johnson, and Jordan Transformer in the Second and Third Causes of Action are **DISMISSED** for failure to state a claim,

3) Except for the claims brought by Plaintiff David Olson based on the Health Care Premiums Payment allegations, the Plaintiffs' Second Cause of Action, Breach of ERISA Fiduciary Duties, 29 U.S.C. § 1132(a)(2), and Plaintiffs' Third Cause of Action, ERISA Equitable Relief, 29 U.S.C. § 1132(a)(3), are **DISMISSED** as time-barred, and

4) Plaintiffs' Fourth Cause of Action, RICO, 18 U.S.C. § 1962, is **DISMISSED.**

The Defendants' Motion for Judgment on the Pleadings (docket no. 26) is **DENIED in part** with regard to the following:

1) That portion of Plaintiffs' First Cause of Action, ERISA Benefits, 29 U.S.C. § 1132(a)(1)(B), that is based upon the Health Care Premiums Payment allegations, and

    2) Plaintiff David Olson's claims for breach of fiduciary duty based upon the Health Care Premium Payment allegations.

DATED:  **July 2, 2009**

Honorable Edward J. Lodge
U. S. District Judge